IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE BUSH, JR. (01),

    Defendant.

Case No. 18-20025-01-DDC

## MEMORANDUM AND ORDER

By motion, defendant George Bush, Jr. seeks a bill of particulars. *See* Doc. 127. Specifically, Mr. Bush's motion asks the court to require the government to specify: (1) the date of the earliest statement or event purportedly showing that a conspiracy existed; (2) "the nature of" all statements or events—other than those already specified by the Indictment—that purportedly demonstrate a conspiracy existed; (3) the date of the earliest statement or event purportedly showing that each defendant joined the alleged conspiracy; (4) the date of the earliest statement or event purportedly showing that Mr. Bush joined the charged conspiracy; and (5) "a list of drug transactions in which the defendant was allegedly involved"—including each name of the others involved, location and approximate dates of the transactions, nature and quantity of the drugs, and "drug weight" that, according to the government, Mr. Bush and the other alleged conspirators allegedly distributed. *Id.* at 1—2.

The court heard argument on the motion at a hearing on July 18, 2019. The government opposes the motion. *See* Doc. 144. But, the government already has provided some information in response to the motion. Namely, the United States has announced that it plans to seek a Superseding Indictment that will expand the date when the alleged conspiracy began and also

correct an existing error in its terminal date.  *See* Doc. 144.  So, in limited respects, Mr. Bush's motion already has secured some of the relief he seeks.

Exercising its discretion,[1] the court has decided to deny the motion.  The court's reasoning begins with the legal standard governing a motion like this one.  It does not favor Mr. Bush.  "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (trial court's ruling denying bill of particulars "will not be disturbed if the indictment is sufficient to enable the defendant to prepare a defense, to avoid prejudicial surprise at trial, and to bar the risk of double jeopardy").  A "bill of particulars is not necessary if the Indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (affirming district court's decision denying motion for bill of particulars in full discovery case) (internal quotation marks omitted).  Of note here, a defendant may not use a bill of particulars to compel the government to provide a "detailed exposition of its evidence or explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980), *cert. denied,* 449 U.S. 1015 (1980) (cited by Tenth Circuit in *Gabriel*, 715 F.2d at 1449).

As recited above, Mr. Bush's motion would require the prosecutor to specify "the nature of any and all statement[s] and/or events, other than those already contained in the indictment,

---

[1] *See, e.g.*, *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995); *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005).

upon which the government intends to rely to prove that the conspiracy existed." Doc. 127 at 2. Likewise, it seeks a statement specifying "the earlier statement and/or event" which the prosecution will invoke "to establish when . . . each defendant joined the conspiracy." *Id.* And, most tellingly, the motion asks for a list of all drug transactions in which defendants "were involved." *Id.* In short, Mr. Bush's motion, if granted, would mandate a detailed roadmap of the government's case against him. This approach is inconsistent with Fed. R. Crim. P. 7(c) and the Federal Rules of Criminal Procedure as a whole. It is particularly inappropriate in a full discovery case, as this one is. *See* Doc. 148 at 15 (acknowledging this case is a full discovery case).

Just as telling is what Mr. Bush doesn't assert in his motion papers. He never asserts that the Indictment fails to inform him of "the charge against him with sufficient precision to allow him to prepare a defense." *See Levine*, 983 F.2d at 166—67. Nor does he assert that he faces "unfair surprise at trial," *Higgins*, 2 F.3d at 1094, or that without the bill he risks a "second prosecution for the same offense" he faces here. *Id.* Instead, Mr. Bush contends a bill of particulars "is necessary to bring additional focus to the massive amount of discovery produced" and to "ensure efficiency at trial." Doc. 127 at 1. An efficient trial is surely a desirable thing. The court commends procedures to counsel that will promote efficiency at the expense of inefficiency. But this aspiration can't support the sweeping relief sought by Mr. Bush's motion. Indeed, his motion cites no case where a court has entered an order like the one he seeks now.

Mr. Bush's best argument asserts that the discovery in this case "is voluminous, consisting of over 100,000 pages . . . and weeks of video surveillance materials . . . ." Doc. 127 at 2. The court agrees with the premise of Mr. Bush's argument. Reviewing the discovery and identifying all material facts in the fashion sought by Mr. Bush's motion would require

3

substantial effort. But nothing suggests that Mr. Bush and his counsel are incapable of performing this work, or even that they have tried to do it but cannot.

Also, the case authorities don't recognize a bill of particulars as a device for shifting work from one side of the caption to another. The court isn't persuaded by Mr. Bush's argument that the evidence—especially the images captured on video—is something "more clearly known to law enforcement agents" than anyone else. The government asserts that a substantial part of the video it secured during the investigation portrays Mr. Bush as a participant in events. Mr. Bush and his attorneys can examine that video and discern whether it shows what the government claims it to portray. And if, for example, the video evidence captured Mr. Bush participating in a conversation or some other events, he can explain to his counsel what the video shows and who the participants are. In contrast, if Mr. Bush concludes that he is not the person shown on the government's video evidence, he is capable of providing that information to his counsel. But in either event, the government isn't more capable of conducting the review or creating the inventory of information sought by Mr. Bush's motion.

In sum, Mr. Bush has not demonstrated that the Indictment against him fails "to set forth the elements of the offense charged . . . ." *Levine*, 983 F.2d at 167. Nor has he asserted that the Indictment has failed to inform him of the charges in a fashion that keeps him from "prepar[ing] for trial." *Id.* Given these conclusions, Mr. Bush has failed to shoulder the burden imposed by the prevailing legal standard. The court thus denies his motion for a bill of particulars.

**IT THEREFORE ORDERED BY THE COURT THAT** defendant George Bush, Jr.'s Motion for Bill of Particulars (Doc. 127) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas.**

                                             **s/ Daniel D. Crabtree**
                                             **Daniel D. Crabtree**
                                             **United States District Judge**