IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

GEORGE BUSH, JR. (01),

      Defendant.

Case No. 18-20025-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on defendant George Bush, Jr.'s Motion to Dismiss Count 6 of the Superseding Indictment[1] (Doc. 225). Mr. Bush contends Count 6 is deficient on its face because it fails to connect the alleged possession of a weapon to a drug crime "on the day in question." Doc. 225 at 1. The government has responded (Doc. 229). For reasons explained below, the court denies Mr. Bush's motion.

### I.     Background

The government has charged Mr. Bush in an eight count Superseding Indictment. Doc. 205. Relevant here are Count 1, Count 3, and Count 6. Count 1 charges Mr. Bush with violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i), accusing him of knowingly and intentionally conspiring with others to distribute and possess with intent to distribute, more than 100 grams of heroin. *Id.* at 1. Count 3 charges Mr. Bush with violating 21 U.S.C. § 856(a), alleging that he knowingly and intentionally conspired with others to use and maintain, and manage as an occupant, a house

---

[1]     Mr. Bush's motion references Count 7. *See, e.g.*, Doc. 225 at 1. But, as the government has noted in its response (Doc. 229 at 1), it is clear from the substance of Mr. Bush's arguments that he intended to move to dismiss Count 6. *See* Doc. 225 at 1 (noting that "Count 7 . . . alleges that Mr. Bush unlawfully possessed a pistol in furtherance of a drug trafficking crime"); *see also* Doc. 205 at 3 (Superseding Indictment charging Mr. Bush with knowing possession of a pistol in furtherance of a drug trafficking crime in Count 6). Thus, the court construes Mr. Bush's motion as one to dismiss Count 6 of the Superseding Indictment.

for the purpose of distributing heroin. *Id.* at 2. Count 6 charges Mr. Bush with violating 18 U.S.C. § 924(c)(1)(A)(i) & (c)(2), alleging he knowingly possessed a pistol in furtherance of a drug trafficking crime on or around October 29, 2017, specifically, the drug trafficking offenses charged in Count 1 and Count 3 of the Superseding Indictment. *Id.* at 3.

**II.    Discussion**

Mr. Bush argues that Count 6 of the Superseding Indictment fails to define the drug trafficking offense it is tied to with requisite specificity. Count 6, Mr. Bush alleges, "merely points to a vague 'drug trafficking crime'" but does not explain how Mr. Bush possessed a firearm "in furtherance of" drug activity. Doc. 225 at 4. "Given the omnipresent cameras in the 823 Parallel Ave. house, Mr. Bush argues that [he needs] greater specificity" for Count 6 to "properly understand the transaction in question and defend himself at trial." *Id.* For example, Count 6 charges Mr. Bush with possessing a firearm on or about October 29, 2017 but, Mr. Bush contends, the government's evidence produced for that date provides no clarity about how the government plans to assert that Mr. Bush's possession of a firearm was "in furtherance of" a drug trafficking crime.

Mr. Bush cites *United States v. Iiland*, 254 F.3d 1264 (10th Cir. 2001) as support for the proposition that "'the government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense,'" and that "'mere presence of a firearm in an area where a criminal act occurs is [not sufficient].'" Doc. 225 at 5 (quoting *Iiland*, 254 F.3d at 1271). Mr. Bush also directs the court to *United States v. Busby*, 421 F. App'x 776 (10th Cir. 2009), where the Circuit "examined the necessity of a nexus between a § 924(c) charge and its possession-in-furtherance prong." Doc. 225 at 5. At bottom, Mr. Bush asserts that Count 6 of

2

the Superseding Indictment is defective on its face because it fails to allege any nexus between possession of a firearm and any activity in furtherance of a drug trafficking crime.

The government responds, asserting that Mr. Bush is asking the court to apply the wrong standard to decide Count 6's sufficiency. The government notes that the cases Mr. Bush relies on were decided post-conviction, and defendants there challenged the sufficiency of the evidence presented at trial. Doc. 229 at 2 (citing Doc. 225 at 5). Instead, the government asserts that "'[o]n [a] motion to dismiss [an] [i]ndictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the [i]ndictment, if true, are sufficient to establish a violation of the charged offense.'" Doc. 229 at 1 (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). The government argues that Mr. Bush's argument is flawed in three ways.

*First*, the government contends the Superseding Indictment alleges that Mr. Bush possessed a firearm "'*on or about* October 29, 2017.'" Doc. 229 at 3 (quoting Doc. 205 at 3 (emphasis added)). This language, the government asserts, means that the government is not limited to evidence in the 24 hours comprising October 29. And, the jury will decide whether the government has met its burden to support a conviction on Count 6.

*Second*, the government argues, the evidence Mr. Bush cites in his motion is only "his version of what is depicted" in surveillance video. Doc. 229 at 3. The government asserts that it will present "significant evidence" at trial to support the drug trafficking activity alleged. *Id.* The government also asserts that its evidence will show that the firearm was more than merely present at the scene. *Id.*

*Third*, the government disputes Mr. Bush's argument that it failed to allege a nexus between possession of a firearm and the activity which it furthered. The government contends

3

Count 6 alleges that Mr. Bush possessed a pistol and that he did so in furtherance of the conspiracies charged in Counts 1 and 3. The government argues that Count 6 adequately charges Mr. Bush under 18 U.S.C. § 924(c) because § 924(c) doesn't require the government to "specify a particular . . . predicate offense . . . ." Doc. 229 at 5. And, the government contends, it has charged Mr. Bush with a drug trafficking crime as defined by the statute. *Id.* (citing 18 U.S.C. § 924(c)(2)). So, the government argues, the court should deny Mr. Bush's motion.

The court agrees. "'An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy offense.'" *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (further quotations omitted)); *see also United States v. Patterson*, 713 F.3d 1237, 1249 (10th Cir. 2013) (noting that one of the "two principal criteria" used to assess an indictment's sufficiency is whether the indictment contains the essential elements of the charge and puts the defendant on notice of what he must defend). "[A] challenge to the indictment is not a vehicle for testing the government's evidence. Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Powell*, 767 F.3d 1026, 1031 (10th Cir. 2014) (quoting *Redcorn*, 528 F.3d at 733). And, "as *Redcorn* makes clear, the government's ultimate inability to prove its case in the way set out in the indictment is a question of sufficiency of the evidence" and not whether the indictment is facially valid. *Id.* (citing *Redcord*, 528 F.3d at 733–34).

Here, the court must assume the truth of the allegations in Count 6. *Redcorn*, 528 F.3d at 733. It alleges that on or about October 29, 2017, Mr. Bush "knowingly possessed a pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United

States." Doc. 205 at 3. Also, Count 6 specifies that the drug trafficking crimes in question are the "offenses alleged in Counts 1 and 3." *Id.* As the government noted, Count 1 and Count 3 are conspiracies charged within 21 U.S.C. § 841 and 21 U.S.C. § 856, respectively. Both statutes fall under 18 U.S.C. § 924(c)(2)'s definition of "drug trafficking crime." *Id.* (defining drug trafficking crime as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . ."). So, where "the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity"—as the Superseding Indictment does here—the government "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Redcorn*, 528 F.3d at 733 (citation and internal quotation marks omitted).

Count 6 of the Superseding Indictment sufficiently alleges the elements of the crime charged. The court thus denies Mr. Bush's Motion to Dismiss Count 6 of the Superseding Indictment (Doc. 225).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Bush's Motion to Dismiss Count 6 of the Superseding Indictment (Doc. 225) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of February 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**