**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                  Case No. 18-20025-01-DDC

GEORGE BUSH, JR. (01),

        Defendant.

<u>**MEMORANDUM AND ORDER**</u>

On March 10, 2020, a jury convicted George Bush, Jr. on seven of eight counts charged in a Superseding Indictment (Doc. 254). This matter is before the court on Mr. Bush's oral Motion for Judgment of Acquittal on Count 3. The government has responded (Doc. 262) and, to its credit, concedes that the jury instructions given on Count 3 were fatally flawed. Doc. 262 at 1. It thus does not contest the motion. For reasons explained below, the court grants Mr. Bush's Motion for Judgment of Acquittal on Count 3.

### I.      Background

The government charged Mr. Bush in an eight count Superseding Indictment. Doc. 205. Relevant here, Count 3 charged Mr. Bush with violating 21 U.S.C. § 856(a), alleging that he knowingly and intentionally conspired with others to use and maintain, and manage as an occupant, a house for the purpose of distributing heroin. *Id.* at 2.

At trial, Mr. Bush made an oral motion for Judgment of Acquittal on almost every count, including Count 3. The court heard the parties' arguments and denied Mr. Bush's motion on all counts, except on Count 3. The court reserved its decision on Count 3 because it had concerns about whether the evidence would allow a reasonable jury to find Mr. Bush guilty.

The Jury Instructions described Count 3, as charged in the Superseding Indictment, as a conspiracy to violate 21 U.S.C. § 856(a)(1) and (2).  Doc. 253 at 2–3.  But the elements instruction for Count 3 did not include the elements of a conspiracy.  *Id.* at 23–24 (Instruction Nos. 18 and 19).  Instead, the court instructed the jury only on the elements of a § 856(a)(1) and (2) violation.  *Id.*  Yet, the Verdict Form asked the jury to consider whether Mr. Bush was guilty of a conspiracy to violate § 856(a)(1) and (2).  Doc. 254 at 4.  No party raised an objection to the absence of a conspiracy element in either instruction.

The jury unanimously convicted Mr. Bush on Count 3.  *Id.*  And, as the court previously had reserved its ruling on Mr. Bush's oral Motion for Judgment of Acquittal on Count 3, the court accepted the government's written response to the oral motion.  Doc. 262.

## II.     Legal Standard

Fed. R. Crim. P. 29(a) provides:  "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Subsection (b) of this rule also authorizes the court to reserve decision on a Rule 29 motion and decide it after the jury returns a verdict.  Fed. R. Crim. P. 29(b).  But, when the court reserves judgment on such a motion, "it must decide the motion on the basis of the evidence at the time the ruling was reserved."  *Id.*

When the court decides a motion for judgment of acquittal, it views the evidence in the light most favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999).  The court must uphold a guilty verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir.

1999)).  The court considers direct and circumstantial evidence, plus reasonable inferences

drawn from that evidence.  *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993).

### III.    Discussion

To prove Mr. Bush is guilty of the crime charged in Count 3 of the Superseding

Indictment, the government had to prove, beyond a reasonable doubt, that:

> (1) two or more persons agreed to violate the federal drug laws, that is, Mr. Bush
>     knowingly or intentionally agreed participate in conduct in violation of 21
>     U.S.C. § 856(a);
> (2) Mr. Bush knew the essential objective of the conspiracy;
> (3) Mr. Bush knowingly and voluntarily involved himself in the conspiracy; and
> (4) there was interdependence among the conspiracy members.

*United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005) (reciting elements for conspiracy

conviction); Tenth Circuit Criminal Pattern Jury Instructions § 2.87.

But, the Jury Instructions for Count 3 instructed the jury only about the elements of the

substantive crimes of (1) knowingly maintaining a "place for the purpose of manufacturing,

distributing or using any controlled substance," (Doc. 253 at 23 (Jury Instruction No. 18,

describing violation of 21 U.S.C. § 856(a)(1))), and (2) knowingly managing or controlling "any

place for the purpose of unlawfully manufacturing, storing, distributing, or using any controlled

substances."  *Id.* at 24 (Jury Instruction No. 19, describing violation of 21 U.S.C. § 856(a)(2)).

The operative Jury Instructions failed to instruct that the jury also must find the government had

proved the elements of a conspiracy to find Mr. Bush guilty on Count 3.

The government concedes that the jury was not properly instructed on the elements

necessary to find Mr. Bush guilty on Count 3.  Doc. 262 at 2.  And so, it joins Mr. Bush's request

asking the court to grant Mr. Bush's Motion for Judgment of Acquittal on Count 3 because the

jury "was never actually instructed that they had to find the [g]overnment proved the elements of

a conspiracy, beyond a reasonable doubt . . . ."  *Id.* at 3.

On a Rule 29 motion, the court must consider whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Haber*, 251 F.3d at 887 (quoting *Schluneger*, 184 F.3d 1158). But when a court fails to instruct the jury on an element of a crime, it is plain error. *United States v. Twitty*, 641 F. App'x 801, 804–06 (10th Cir. 2016) (holding a district court committed plain error when it failed to instruct the jury on an element of a crime); *United States v. Kalu*, 791 F.3d 1194, 1203–04 (10th Cir. 2015) (same); *cf United States v. Wright*, 848 F.3d 1274, 1280 n.4 (10th Cir. 2017) (noting that "where a conspiracy instruction incorporates a missing intent element by reference to the instruction governing the substantive crime, [the Court of Appeals] sustain[s] the conspiracy conviction against a challenge that its instruction missed an element").

Here, the court agrees that the jury was not instructed on the required elements of the conspiracy charged in Count 3. Nor did the instructions incorporate the missing elements through internal references. *See Wright*, 848 F.3d at 1280 n.4. And, thus, it was impossible for the jury to find that Mr. Bush had conspired to violate § 856(a). So, the court grants Mr. Bush's Motion for Judgment of Acquittal on Count 3.

**IT IS THEREFORE ORDERED BY THE COURT THAT** George Bush, Jr.'s Motion for Judgment of Acquittal on Count 3 of the Superseding Indictment is granted.

**IT IS FURTHER ORDERED THAT** consistent with Fed. R. Crim. P. 29(c)(2), the court sets aside the jury's verdict on Count 3 of the Superseding Indictment and directs the Clerk of the Court to enter a judgment of acquittal on Count 3.

**IT IS SO ORDERED.**

**Dated this 7th day of May 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**